Stephen M. Gallenson, CSB #104447
ANDRIAN & GALLENSON
1100 Mendocino Avenue
Santa Rosa, California 95401
(707) 527-9381


Attorneys for Plaintiff,
HUEDELL FREEMAN

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEDELL FREEMAN, | CASE NO. |
| Plaintiff, | *UNLIMITED CIVIL CASE* |
| vs. | **COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF** |
| CITY OF ROHNERT PARK, a government agency; ROHNERT PARK DEPARTMENT OF PUBLIC SAFETY; a government agency, BRANDON "JACY" TATUM, an individual; JOSEPH HUFFAKER, an individual; DAVID SUTTER, an individual; BRIAN MASTERSON an individual; and DOES 1-25 inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## JURISDICTION AND VENUE

1.     This action arises under Title 42 of the United States Code section 1983, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

///

1   Jurisdiction is conferred upon the Court by Title 28 of the United States Code sections

2   1331, and 1343.

3       2.      Venue is proper in this District pursuant to Title 28 of the United States

4   Code section 1391(b)(2) because the Northern District of California is the judicial district

5   in which a substantial part of the events or omissions giving rise to the claim occurred

6   and in which the parties to this litigation reside.

7       3.      On June 27, 2017, pursuant to California Government Code section 910,

8   Plaintiff timely filed a claim for damages against the City of Rohnert Park. (**Exhibit A.**)

9   On July 25, 2017, the City of Rohnert Park denied the claim. (**Exhibit B.**)

10                                  **PARTIES**

11      4.      Plaintiff HUEDELL FREEMAN (hereinafter "Plaintiff") presently is, and at

12  all times herein mentioned was, a resident of Mendocino County, California, and a citizen

13  of the United States.

14      5.      Defendant, CITY OF ROHNERT PARK (hereinafter "City") is a

15  governmental entity, duly organized and existing under the laws of the State of California.

16      6.      Defendant, ROHNERT PARK DEPARTMENT OF PUBLIC SAFETY

17  (hereinafter "RPDPS"), is and was, at all times mentioned herein, a municipal entity duly

18  organized and existing under the laws of the State of California.

19      7.      Defendants BRANDON "JACY" TATUM (hereinafter "Tatum"), BRIAN

20  MASTERSON (hereinafter "Masterson"), JOSEPH HUFFAKER (hereinafter "Huffaker")

21  and DAVID SUTTER (hereinafter "Sutter") are, or at the time of the events herein were,

22  employed by Defendants City and RPDPS and are sued in their individual capacities. At

23  all times referenced herein Defendant Masterson was the Chief of RPDPS.  In engaging

24  in the conduct described herein, said Defendants acted under color of law and in the

25  course and scope of their employment by Defendants City and RPDPS.

26      8.      Plaintiff is ignorant of the true names and/or capacities of Defendants sued

27  herein as Does 1 through 25, inclusive, and therefore sues such Defendants by fictitious

28  names. Plaintiff is informed and believes that DOES 1 through 25, and each of them,

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

were responsible in some manner for the acts or omissions alleged herein. Plaintiff will seek leave to amend this complaint to add their true names and capacities when they have been ascertained.

9.      In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of state law, and in concert with each other.

10.     Defendants Tatum, Huffaker, Sutter and Does 1 through 25 conspired to achieve a common goal and/or acted in concert to achieve said goal. In doing the acts and omissions alleged herein, Defendants, and each of them, conspired and/or acted in furtherance of the conspiracy to a) unlawfully detain and stop Plaintiff and seize his property, and b) deprive Plaintiff of his property without due process of law and through the outrageous abuse of police powers.

## **FACTUAL BACKGROUND**

11.     On December 29, 2016, at approximately 1:40 p.m. Sergeant Brandon "Jacy" Tatum and Officer Joseph Huffaker were "on duty" traveling on Highway 101 near Cloverdale in a marked RPDPS patrol vehicle. Cloverdale is approximately 40 miles north of Rohnert Park and well outside the jurisdiction of RPDPS. (Incident Report attached as **Exhibit C.**)

12.     Plaintiff is and was, at all times material to this complaint, properly licensed in Mendocino County to cultivate and possess marijuana as part owner of a dispensary in Mendocino County. He also is and was, at all times material to this complaint, a contributing member of the Higher Path dispensary in Sherman Oaks, in the County of Los Angeles.

13.     At the time of his detention, Plaintiff had just begun the lengthy journey south to deliver approximately forty-seven pounds of packaged marijuana to the Higher Path dispensary in Southern California. He was traveling in a rental car with the marijuana appropriately packaged, sealed, and stored in the trunk.

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

14.     Plaintiff was traveling southbound on Highway 101 while Defendants Tatum and Huffaker were traveling northbound. Defendant Huffaker claimed that he saw Plaintiff's right tires briefly touch the fog-line twice and that, on that basis, he and Defendant Tatum decided to conduct an enforcement stop based on a violation of Vehicle Code section 21658(a), failure to maintain lane.  After they passed Plaintiff traveling in the opposite direction, Defendants made an abrupt U-turn, crossing the wide grassy median onto the southbound roadway. They immediately activated their lights, and initiated a traffic stop near the town of Asti, California. (**Exhibit C**)

15.     Plaintiff's tires did not touch the fog-line as reported. Even if they had, such an act is not unlawful. Plaintiff is informed and believes, and on that bases alleges herein, that it is not typical for officers like Defendants Tatum and Huffaker to conduct routine traffic infraction stops so far outside of their city's jurisdiction, unless that stop is a pre-textual stop to conduct a criminal investigation into marijuana-related activities.

16.     Upon contact with Plaintiff, Defendants Tatum and Huffaker did not write a citation for touching the fog-line but instead immediately began a marijuana investigation, asking Plaintiff if there was marijuana in the car. (**Exhibit C**)

17.     Plaintiff informed Defendants he had marijuana in the car and that he was bringing it to a dispensary in Sherman Oaks, California, called the Higher Path. Plaintiff was carrying all necessary paperwork that existed at that time to show he was transporting marijuana lawfully under state law and showed Defendants the documentation that demonstrated the marijuana was legally cultivated and possessed. This paperwork included evidence of the lawful origin of the marijuana as well as the destination, and demonstrated the marijuana was legally grown under a permit issued by the Mendocino Sheriff's Department. Defendant Huffaker told Plaintiff he did not have any paperwork specifically allowing marijuana transportation, which Huffaker knew was not available at that time to persons transporting marijuana. Plaintiff informed Huffaker that he believed the documents he had allowed him to lawfully transport marijuana. (**Exhibit C**)

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

18.     During the detention Defendant Huffaker contacted Colin Stewart at the Higher Path dispensary, who confirmed that Plaintiff was a member-cultivator for the collective and that he was expected to be delivering marijuana in the next day or two. Defendant Huffaker also contacted Plaintiff's attorney, Hannah Nelson, who confirmed that Plaintiff was a licensed and lawful cultivator of marijuana in Mendocino County and that he legitimately belonged to, and was a designated provider for, the Higher Path. Ms. Nelson also offered to put Defendants Huffaker and Tatum in contact with a Mendocino County official who would verify that Plaintiff was acting lawfully in transporting medical marijuana. Defendants declined the invitation.

19.     Defendants Huffaker and Tatum searched Plaintiff's rental car and found forty-seven pounds of medical marijuana in the trunk. Without contacting a City Attorney, Deputy District Attorney, or Magistrate, Defendants seized all of it. (**Exhibit C**.)

20.     No citation was issued for failing to maintain the lane, though a citation was issued for possession of marijuana. Criminal charges were never filed in connection with the seized marijuana.

21.     On January 4, 2017, Attorney Nelson, wrote a letter to Defendants RPDPS, Tatum, and Huffaker, describing the stop and her interaction with Defendant Huffaker. She also outlined all of the reasons why the marijuana was lawfully transported and should not have been seized. (Nelson, Letter to Rohnert Park Police Department (January 4, 2017), attached as **Exhibit D**.) She requested the marijuana be returned immediately. Instead Plaintiff was notified that the marijuana had already been destroyed. Plaintiff is informed and believes, and on that basis alleges herein, that no destruction order was ever filed with the Sonoma County Superior Court relating to Plaintiff's marijuana.

22.     All of the above occurred without a warrant and without probable cause to believe Plaintiff had committed a crime under California state law.

///

///

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

23.     At all times mentioned herein regarding the actions of Defendants Huffaker and Tatum regarding the unlawful detention of Plaintiff and subsequent search and seizure, Defendants acted intentionally and with reckless disregard for the truth.

24.     Plaintiff is informed and believes, and on that basis alleges herein, that Defendants City of Rohnert Park, RPDPS and Masterson were aware of and condoned the pre-texual stops of motorists traveling on the highway outside of Defendant City's jurisdiction in order to collect for themselves the substantial revenue that can be obtained from forfeitures of marijuana and U.S. Currency.

25.     Plaintiff is informed and believes, and on that basis alleges herein, that Defendants Huffaker and Tatum initiated the stop based on information they had received from an unnamed source, and that that information was deliberately withheld from the Incident Report prepared by Defendant Huffaker and approved by Defendant Sutter.

26.     Plaintiff is informed and believes, and on that basis alleges herein, that Defendants City, RPDPS and Masterson conducted an internal investigation relative to the above-stated facts and that these Defendants did not counsel or discipline Defendants Huffaker and Tatum in any way for their conduct. Plaintiff is informed and believes, and on that basis alleges herein, that the final decision-makers of Defendants City and RPDPS supported and ratified the conduct of Defendants Huffaker and Tatum related to Plaintiff on December 29, 2016.

27.     Plaintiff is informed and believes, and on that basis alleges herein, that Defendants City, RPDPS and Masterson had a policy of promoting and giving awards to its officers based on the amount of revenue each officer created by civil asset forfeitures. Such a policy, promulgated by Defendants City and RPDPS, created an environment that incentivized officers to make as many detentions and seizures of cash and marijuana as possible without any regard for the constitutional rights of individuals contacted by RPDPS officers. Plaintiff is informed and believes that said policy motivated Officers

///

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

Huffaker and Tatum to unlawfully detain and search Plaintiff and unlawfully seize his personal property, to wit, forty-seven pounds of medical marijuana.

28.    As to the conduct described herein, Defendants Huffaker, Tatum, Sutter, and Does 1through 25 acted willfully, wantonly, maliciously, oppressively, and with conscious disregard and deliberate indifference to Plaintiff's rights.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Unlawful Detention
### Defendants Huffaker, Tatum, Sutter, Masterson, RPDPS, and Does 1-25

29.    Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this complaint.

30.    Defendants Huffaker, Tatum, Sutter, and Does 1 through 25 violated Plaintiff's constitutional right to be free from an unreasonable and unlawful warrantless detention, as guaranteed by the Fourth Amendment of the Constitution. Defendants, and each of them, lacked reasonable suspicion that Plaintiff had committed any crime or traffic infraction when they stopped and detained Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Unlawful Search & Seizure
### Defendants Huffaker, Tatum, Sutter, Masterson, RPDPS, and Does 1-25

31.    Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this complaint.

32.    Defendants Huffaker, Tatum, Sutter, and Does 1 through 25 violated Plaintiff's constitutional right to be free from unreasonable and unlawful warrantless searches and seizures, as guaranteed by the Fourth Amendment of the United States Constitution when Defendants searched the trunk of Plaintiff's vehicle and seized Plaintiff's marijuana. Defendants lacked probable cause to search the trunk of Plaintiff's vehicle and seize the marijuana.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 –Due Process**
**Defendants Huffaker, Tatum, Sutter, Masterson, RPDPS, and Does 1-25**

33.     Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this complaint.

34.     At all times referenced above, Defendants, and each of them, deliberately fabricated and mischaracterized evidence in order to justify and support the detention of Plaintiff and the seizure of Plaintiff's marijuana all in violation of Plaintiff's right to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Substantive Due Process**
**Defendants Huffaker, Tatum, Sutter, Masterson, RPDPS, and Does 1-25**

35.     Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this complaint.

36.     The acts of Defendants as described herein shock the conscience and constitute an outrageous abuse of police power. As a result of said acts, Plaintiff was deprived of substantive due process in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Procedural Due Process**
**Defendants Huffaker, Tatum, Sutter, Masterson, RPDPS, and Does 1-25**

37.     Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

38.     Defendants deprived Plaintiff of his lawfully possessed property without due process of law. Plaintiff's property was seized without giving him the right to contest

1  the confiscation of his property through a forfeiture proceeding or other procedure that
2  would provide a fair hearing and due process of law.

3      39.    Plaintiff is protected from government takings without due process of law
4  by the Fifth and Fourteenth Amendment of the United States Constitution. By taking
5  Plaintiff's property and not making an accurate report of the event, or initiating forfeiture
6  proceedings that would provide a fair hearing for Plaintiff to contest the government
7  taking of his property, Plaintiff was deprived by Defendants of procedural due process of
8  law in violation of the Fourteenth Amendment.

9      WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

10
11  **SIXTH CAUSE OF ACTION**
**42 U.S.C. § 1983 – Municipal Liability**
12  **The City of Rohnert Park and RPDPS**

13     40.    Plaintiff hereby alleges and incorporates by reference as though fully set
14  forth herein all prior paragraphs of this Complaint.

15     41.    As against Defendants City and RPDPS, Plaintiff further alleges that the
16  acts and/or omissions alleged in this Complaint herein are indicative and representative
17  of a repeated course of conduct by members of RPDPS tantamount to a custom, policy,
18  or repeated practice of condoning and tacitly encouraging the abuse of police authority
19  and disregard for the constitutional rights of citizens. Plaintiff is informed and believes
20  that the acts or omissions of defendants as alleged herein regarding the unlawful
21  detention and search and seizure were caused by (1) inadequate and arbitrary training,
22  supervision and discipline of officers by RPDPS; (2) RPDPS's failure to promulgate
23  appropriate policies with respect to traffic stops and warrantless searches and seizures;
24  (3) the deliberate indifference of RPDPS to citizen's rights under the Fourth, Fifth and
25  Fourteenth Amendments to the United States Constitution; (4) customs or *de facto*
26  policies of RPDPS; and (5) ratification of such policies by final decision makers of the
27  RPDPS.  These failures and actions constitute deliberate indifference on the part of
28  RPDPS to its obligations to insure the preservation and protection of an individual's

constitutional rights. Plaintiff is informed and believes, and on that basis alleges herein, that Defendant City knew or should have known that its acts and omissions would likely result in a violation of the Constitutional rights of a person in Plaintiff's situation, and Defendant City's acts and omissions were a substantial factor in the deprivation of Plaintiff's constitutional rights and the damages he suffered.

42.    Plaintiff is informed and believes, and on that bases alleges herein, that Defendants RPDPS and City had a policy of promoting and giving awards to its officers based on criteria related to the amount of marijuana and U.S. currency seized for the purpose of asset forfeiture actions, and that such policy created an environment that incentivized RPDPS officers to make as many traffic stops as possible, within or outside of their jurisdiction, in the search for people transporting marijuana, without proper consideration of the constitutional rights of individuals contacted by RPDPS officers. Plaintiff is informed and believes, and on that basis alleges herein, that said policy motivated Officers Huffaker and Tatum to unlawfully detained and search Plaintiff, and to unlawfully seize his marijuana.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against the Defendants and the following relief:

1) For appropriate injunctive relief designed to prevent and deter future unlawful detentions and seizure of property, during traffic stops, by agents and employees of the City of Rohnert Park, Jacy Tatum, Joseph Huffaker and other co-conspirators to be identified.

2) For compensatory damages, in an amount according to proof;

3) For general damages, in an amount according to proof;

4) For an award of punitive and exemplary damages against individual defendants in an amount according to proof;

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF

5) For an award for costs, expenses of suit, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988;

6) For such additional and further relief which the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all issues so triable.


Dated: December 20, 2018

                            Respectfully submitted,


                            _____/s/_____
                            ANDRIAN & GALLESON
                            Stephen M. Gallenson
                            Attorneys for Plaintiffs

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS AND FOR DAMAGES AND INJUNCTIVE RELIEF