UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUEDELL FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>ROHNERT PARK DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>    Defendants. | Case No. 18-cv-07661-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 22, 26 |

Pending before the Court are two motions to dismiss Plaintiff Huedell Freeman's first amended complaint: the first, filed by Defendant Brandon "Jacy" Tatum and joined by Defendant Joseph Huffaker, *see* Dkt. Nos. 22 and 25 ("Tatum Mot."); and the second, filed by the City of Rohnert Park (the "City"); Rohnert Park Department of Public Safety ("RPDPS"); David Sutter; and Brian Masterson, *see* Dkt. No. 26 ("City Mot."). The Court held a hearing on the motions and took them under submission on August 22, 2019. *See* Dkt. No. 50. Having carefully considered the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motions to dismiss.

**I. BACKGROUND**

Plaintiff alleges that Defendants Tatum and Huffaker, both employees of the City, used their position as Rohnert Park Department of Public Safety Officers to conduct unlawful traffic stops and to seize marijuana being lawfully transported to dispensaries pursuant to California Health & Safety Code §§ 11357 *et seq.* *See* Dkt. No. 17 ("First Amended Complaint" or "FAC").

According to the First Amended Complaint, in December 2016, Plaintiff was driving a rental car to deliver approximately 47 lbs. of marijuana, stored in several charcoal-lined duffel bags, to a dispensary in Southern California. FAC ¶ 17. Defendants Tatum and Huffaker were in

a marked RPDPS patrol vehicle on Highway 101 near Cloverdale, California, when they initiated a traffic stop of Plaintiff for purportedly touching the fog line twice, and thus failing to maintain his lane under California Vehicle Code § 21658(a). *Id.* ¶¶ 19–20. Plaintiff alleges that the officers were far outside the City's jurisdiction at the time. *See id.* ¶ 15. Plaintiff further alleges that his tires did not touch the fog line, and that this was simply a pretext to stop Plaintiff and conduct a marijuana investigation. *Id.*

Plaintiff informed the officers that he was transporting marijuana to a dispensary, and Plaintiff further alleges that he showed the officers "all necessary paperwork that existed at that time to show he was transporting marijuana lawfully under state law," including the lawful origin and destination for the marijuana. *Id.* ¶ 21. During the stop, Defendant Huffaker contacted the dispensary, which confirmed it was expecting a delivery of marijuana from Plaintiff in the next few days. *Id.* ¶ 22. Defendant Huffaker also contacted Plaintiff's lawyer, who confirmed Plaintiff was a licensed marijuana cultivator in Mendocino County. *Id.*; *see also* FAC, Ex. D. Defendants Tatum and Huffaker nevertheless searched Plaintiff's vehicle and seized the duffel bags containing marijuana in the trunk. *Id.* ¶ 23. Defendants Tatum and Huffaker issued Plaintiff a citation for possession of marijuana, but no criminal charges were filed. *Id.* ¶ 24. And in response to a letter from Plaintiff's lawyer requesting that RPDPS return the marijuana, Plaintiff was informed it had already been destroyed. *Id.* ¶ 25.

Plaintiff alleges that the City, RPDPS, and Defendants Masterson and Sutter were aware of and condoned such pretextual stops because of the revenue generated from civil asset forfeitures of marijuana and U.S. currency. *Id.* ¶ 28. Plaintiff further alleges that RPDPS rewarded officers for such tactics by promoting them based on the amount of revenue generated from the civil asset forfeitures. *Id.* ¶ 31.

Based on these alleged facts, Plaintiff brings causes of action under 42 U.S.C. § 1983 for (1) unlawful detention; (2) unlawful search; (3) violation of Plaintiff's due process right under the Fifth and Fourteenth Amendments; (4) violation of Plaintiff's substantive due process right under the Fourteenth Amendment; (5) municipal liability due to a pattern, policy or custom permitting abuse of police power, ratification of such policies, and inadequate training; and causes of action

1  under (6) Article I, Section 13 of the California Constitution; and (7) California Civil Code § 52.1.
2  Defendants contend that only the first cause of action is sufficiently pled against Defendants
3  Tatum and Huffaker. *See* Tatum Mot. at 6; *see also* Dkt. No. 35 ("Opp.") at 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

As an initial matter, Plaintiff concedes that the Rohnert Park Department of Public Safety is not a distinct legal entity, but rather an agency of the City. *See* Opp. at 1. The Court therefore **GRANTS** the motion to dismiss Rohnert Park Department of Public Safety as a defendant.

### A. Unlawful Search Claim (Tatum and Huffaker)[1]

To state a § 1983 claim, a plaintiff must show: (1) a deprivation of a constitutional or federal statutory right; and (2) that the defendant acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff asserts a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. The Supreme Court has held that police may conduct a warrantless search of a vehicle if they have probable cause to believe that the vehicle contains contraband. *Carroll v. United States*, 267 U.S. 132, 162 (1925). "Probable cause to search is evaluated in light of the totality of the circumstances." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010) (citations omitted).

#### i. Sufficiency of Facts

Plaintiff alleges that Defendant Tatum and Huffaker lacked probable cause to search his vehicle for marijuana in light of all the surrounding circumstances, namely that he provided paperwork about the lawful origin and destination of the marijuana in his possession; the officers confirmed with the dispensary that it was expecting a delivery from Plaintiff; and the officers spoke with Plaintiff's lawyer who confirmed he was a legal cultivator in Mendocino County. *See* Opp. at 3, 6–7; *see also* FAC ¶¶ 21–22. Defendants Tatum and Huffaker nevertheless move to dismiss this cause of action, citing the incident report attached to the complaint, which states that the officers smelled a strong odor indicative of a large amount of marijuana and Plaintiff initially said he did not know how much marijuana he was transporting. *See* Dkt. No. 37 at 1; Dkt. No. 25; FAC, Ex. C at 2–3.[2]

At the time of the events in this case, California's Compassionate Use Act ("CUA") had decriminalized possession and cultivation of marijuana for medical use, s*ee* Cal. Health & Safety Code § 11362.5, and California's Medical Marijuana Program ("MMP") permitted qualified patients to form collectives for the cultivation and distribution of medical marijuana. *Id.*

---

[1] Plaintiff acknowledges that he has not currently pled the personal involvement of the City or Defendants Masterson and Sutter for purposes of the unlawful detention or search. *See* Opp. at 1, 5. The Court therefore **GRANTS** the motion to dismiss the first and second causes of action as to the City and Defendants Masterson and Sutter.

[2] Under Federal Rule of Civil Procedure 10(c), "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

4

§§ 11362.7–11362.9. When evaluating whether officers had probable cause to search, the fact that a person may lawfully possess marijuana under state law may be considered part of the "totality of the circumstances." *See, e.g.*, *Allen v. Kumagai*, 356 F. App'x 8, 9 (9th Cir. 2009) ("[T]he officers' knowledge of his medical authorization may be relevant to whether they had probable cause to believe he had committed a crime.").

Defendants contend that law enforcement officers may nevertheless rely on the odor or presence of marijuana to supply probable cause to search a vehicle. *See* Tatum Mot. at 7–8; *see also United States v. Barron*, 472 F.2d 1215, 1217 (9th Cir. 1973) ("[T]he fact that an agent familiar with the odor of marijuana, smelled such an odor emanating from the automobile when he jumped in to stop it, alone was sufficient to constitute probable cause for a subsequent search for marijuana."). Defendants further argue that "the Compassionate Use Act provides a limited defense against prosecution, but does not provide a shield against reasonable investigations and searches." *People v. Strasburg*, 148 Cal. App. 4th 1052, 1055 (Cal. Ct. App. 2007); *see also* Tatum Mot. at 8–9. Plaintiff has alleged, however, that he provided the officers with written and oral corroboration for the legality of the marijuana he was transporting under California law. *See* FAC ¶¶ 17–18. Whether in the face of this information the officers still had reason to believe Plaintiff's conduct violated the CUA and MMP is a factual question, not properly before the Court on a motion to dismiss. At this stage, Plaintiff has sufficiently pled that, under the totality of the circumstances, the officers lacked probable cause to search Plaintiff's vehicle. *See Kumagai*, 356 F. App'x at 9 (finding district court erred in dismissing Fourth Amendment claims where plaintiff alleged the officer lacked probable cause and knew at all pertinent times that the plaintiff was authorized under state law to use marijuana for medicinal purposes); *accord United States v. Phillips*, 9 F. Supp. 3d 1130, 1137–38 (E.D. Cal. 2014) ("[W]hen officers become aware that a suspect has a medical marijuana card, the officers must take that information into account when determining whether there is probable cause to conduct a warrantless search or arrest that individual."). Accordingly, the Court **DENIES** the motion to dismiss the second cause of action on this basis.

//

### ii. Qualified Immunity

Defendants Tatum and Huffaker further contend that even if their search was not supported by probable cause, they are insulated from liability for the search under the doctrine of qualified immunity. *See* Tatum Mot. at 10–11. "[D]efendants are entitled to qualified immunity so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Keates v. Koile*, 883 F.3d 1228, 1234–35 (9th Cir. 2018) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). However, to survive a motion to dismiss, a complaint need only "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. At the motion to dismiss stage, therefore, a complaint will survive a qualified immunity defense if it "contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right." *Id.* at 1235 (quotation omitted).

Defendants Tatum and Huffaker assert that the odor and acknowledged presence of marijuana in Plaintiff's vehicle, as described in the Incident Report, requires a finding of qualified immunity because Plaintiff can neither show (1) a violation of a constitutional right, nor (2) that the right was clearly established at the time of the alleged misconduct. *See* Tatum Mot. at 10. Yet at this stage, the Court must accept all allegations in the FAC as true and construe the pleadings in the light most favorable to Plaintiff. Although the Incident Report is attached to the FAC, the FAC directly questions the veracity of the report and the officers' account of the incident. *See* FAC ¶¶ 18–19, 29, 38. The Court cannot, therefore, accept those facts as true for purposes of its qualified immunity analysis.

Instead, as explained above, Plaintiff alleges that the officers had no legitimate reason to pull him over, and that once they did, Plaintiff provided Defendants Tatum and Huffaker with information sufficient to establish that the marijuana he possessed was lawful and was destined for a lawful dispensary in Southern California under the CUA and MMP. Thus, as alleged, the officers did not have probable cause to believe that his vehicle actually contained contraband. *See Carroll*, 267 U.S. at 153–54 ("It would be intolerable and unreasonable . . . to stop every automobile on the chance of finding [contraband], and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search."); *United States v. Ross*, 456 U.S.

798, 809 (1982) (describing scope of automobile exception). The Court cannot conclude at this stage that conducting a search under the circumstances alleged did not violate clearly established Fourth Amendment law. And the Court may not make a factual determination as to which contested version of events is true—Plaintiff's or Defendants'—on a motion to dismiss.

This Court is mindful of the challenges that arise at the intersection of the pleading standard and the "low bar" threshold for establishing qualified immunity. *See Keates*, 883 F.3d at 1235. But at this stage, the Court finds that the FAC adequately pleads at least "one allegation of a harmful act that would constitute a violation of a clearly established constitutional right." *Id.* Of course, "[o]nce an evidentiary record has been developed through discovery, defendants will be free to move for summary judgment based on qualified immunity." *Id.* at 1240.

### B. Due Process Claim (All)

Plaintiff alleges that Defendants violated his due process right under the Fifth and Fourteenth Amendments by intentionally fabricating evidence to justify Plaintiff's detention, the search of his vehicle, and the seizure of his property. *See* FAC ¶¶ 29, 38. The only detail Plaintiff provides about this alleged fabrication is that "Defendants Huffaker and Tatum initiated the stop based on information they had received from an unnamed source, and that that information was deliberately withheld from the Incident Report." *Id.* ¶ 29. In his opposition, Plaintiff summarizes that "he was deprived of his liberty when he was detained, and he was deprived of his property when Defendants seized his marijuana and duffle bags."[3] Opp. at 9 (citing *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1115 (9th Cir. 2010) (finding property interest in foster care license protected from deliberate fabrication)).

*First*, Plaintiff does not provide any legal support for a Fifth Amendment Due Process clam under these circumstances. As Defendants explain, Fifth Amendment claims are not

---

[3] The Court notes that Plaintiff does not have a federally protected property interest in marijuana as it is a controlled substance under federal law. *See, e.g.*, *Allen v. Cty. of Lake*, No. 14-CV-03934-TEH, 2017 WL 363209, at *2 (N.D. Cal. Jan. 25, 2017) ("[T]here is no protected property interest in medical marijuana for purposes of the Fourteenth Amendment."); *Little v. Gore*, 148 F. Supp. 3d 936, 955 (S.D. Cal. 2015) ("[E]ven though state law creates a property interest, not all state-created rights rise to the level of a constitutionally protected interest." (quotation omitted)). Plaintiff appears to concede this limitation in his opposition. *See* Opp. at 10, n. 1.

7

cognizable against state or local actors. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component thereof apply only to actions of the federal government—not to those of state or local governments."). Plaintiff has not alleged that any Defendants are federal actors. Indeed, in his opposition, Plaintiff does not address this argument or the Fifth Amendment component of his due process claim at all. The Court views Plaintiff's silence as tacit agreement that to the extent this claim is premised on the Fifth Amendment, it should be dismissed.

*Second*, to the extent Plaintiff's cause of action is premised on the Fourteenth Amendment, the claim still fails as alleged against the City and Defendants Masterson and Sutter, as Plaintiff has not alleged their personal involvement in the alleged fabrication. Rather, Plaintiff alleges that Defendants Tatum and Huffaker conducted the stop, search, and seizure. *See* FAC ¶¶ 18–23. And Defendant Huffaker prepared the allegedly erroneous Incident Report. *Id.* ¶ 29, & Ex. C. Although Defendant Sutter is listed as the "Supervising Officer," and Plaintiff alleges that he "approved" the report, *id.* ¶ 29, Plaintiff has not alleged that Defendant Sutter knew or had reason to know that anything in the Incident Report was fabricated. Likewise, Plaintiff alleges that Defendant Masterson "conducted an internal investigation," but did not "counsel or discipline" Defendants Tatum and Huffaker for their conduct. *Id.* ¶ 30. Yet again Plaintiff does not allege that Defendant Masterson's investigation detected or should have uncovered any fabricated evidence. Plaintiff's conclusory suggestion that Defendants "conspired and/or acted in furtherance of the conspiracy to" violate his due process right cannot overcome this deficiency: Plaintiff has not alleged specific facts supporting the existence of, or Defendants' participation in, such a conspiracy. *See* FAC ¶¶ 10, 12.

*Third*, Plaintiff's fabrication allegations against Defendants Tatum and Huffaker lack a causal link to support a due process claim. In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Spencer v. Peters*, 857 F.3d 789, 800 (9th Cir. 2017) (quotation omitted)). The only fabricated evidence Plaintiff points to in the FAC is the Incident Report. *See* FAC ¶ 29; Opp. at 9. Plaintiff contends that the officers "initiated the stop based on information they had received from an unnamed source," but that this was "deliberately withheld" from the Incident Report. FAC ¶ 29. But Plaintiff's detention and the seizure of his

8

1 property both occurred *before* the Incident Report was prepared, and thus before the officers allegedly
2 fabricated any evidence. To the extent Plaintiff now argues that the Incident Report led to the
3 *destruction* of his property, *see* Opp. at 9, the FAC does not currently allege this. Thus, Plaintiff has
4 not alleged that any fabricated evidence caused him injury. The Court **GRANTS** Defendants' motions
5 to dismiss the third cause of action.

### C. Substantive Due Process Claim (All)

Plaintiff next contends that Defendants also violated his substantive due process rights because their conduct "shock[s] the conscience and constitute[s] an outrageous abuse of police power." FAC ¶ 40. In other words, Plaintiff asserts that the alleged Fourth Amendment violations, when viewed in the aggregate, also violate the Fourteenth Amendment. *See* Opp. at 10. Plaintiff has not cited, and the Court has not found, a case holding that a Constitutional violation can transform into a Fourteenth Amendment violation if sufficiently egregious. During the hearing on the motions to dismiss, Plaintiff acknowledged that he did not have a case in support of this substantive due process theory. As the Supreme Court has explained, "the Court has always been reluctant to expand the concept of substantive due process . . . . The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 271–72 (1994) (quotation omitted). The Supreme Court has thus cautioned that substantive due process should not be used "indiscriminately" where "a more specific constitutional right" may apply. *See Graham v. Connor*, 490 U.S. 386, 393–95 (1989) (rejecting application of substantive due process standard to excessive force claim under § 1983 because Fourth and Eighth Amendments are "the two primary sources of constitutional protection against physically abusive governmental conduct"). Here, Plaintiff acknowledges that the alleged unlawful search and seizure fall within the Fourth Amendment. *See* Opp. at 10. The Court declines Plaintiff's unsupported invitation to expand the scope of substantive due process rights to encompass these alleged circumstances, and therefore **GRANTS** Defendants' motions to dismiss the fourth cause of action.

//

//

9

### D. *Monell* Claim (City and Defendants Masterson & Sutter)

Plaintiff alleges municipal liability against the City and Defendants Masterson and Sutter for violating his constitutional rights, pursuant to *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658 (1978). *See* FAC ¶¶ 41–43. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Rather, to plausibly state a claim for municipal liability under *Monell*, a plaintiff must allege unconstitutional conduct attributable to "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019). In other words, the plaintiff must "demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Id.* (quotation omitted). At the pleading stage, a plaintiff's *Monell* claim "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See AE v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quotation omitted).

Here, Plaintiff alleges that his experience—the stop, search, and seizure—is merely "indicative and representative of a repeated course of conduct" by officers to "abuse police authority and disregard the constitutional rights of citizens." FAC ¶ 42. He further alleges that the City incentivized this behavior because it "had a policy of promoting and rewarding its officers based on the amount of revenue each officer created by civil asset forfeitures." *Id.* ¶¶ 31, 43. These conclusory allegations, however, do not supply underlying facts to establish that the alleged conduct even occurred on more than one occasion. Plaintiff has also failed to allege that the City or authorized policymakers were aware or had constructive notice of any unconstitutional conduct. This is not enough to survive a motion to dismiss. Accordingly, the Court **GRANTS** the motion to dismiss the fifth cause of action.

### E. California Claims (All)

Lastly, Plaintiff brings two California state law claims against Defendants, one for violating the California Constitution, Cal. Const., art. I, § 13, and the other for violating the Bane Civil Rights Act, Cal. Civ. Code § 52.1. *See* FAC ¶¶ 44–57.

### i. California Government Claims Act

Under the California Government Claims Act, the plaintiff must present a written claim for money or damages to the public entity within six months of the accrual of a cause of action under California law. *See* Cal. Gov't Code §§ 905, 911.2, 945.4. Plaintiff filed this action over six months after the City rejected his claims. *See* FAC ¶ 4. Consequently, Plaintiff concedes that these two claims are time-barred by the GCA to the extent Plaintiff is seeking to recover money or damages. *See* Opp. at 14.

Plaintiff nevertheless argues that the two claims are still timely as to injunctive relief. Opp. at 14. Although not specifically directed to the state law claims, in his Prayer for Relief, Plaintiff requests, *inter alia*, "appropriate injunctive relief designed to prevent and deter future unlawful detentions and seizure of property[] during traffic stops . . . ." FAC, Prayer for Relief, ¶ 1. The California Supreme Court has explained that the GCA "do[es] not impose any . . . requirements for nonpecuniary actions, such as those seeking injunctive, *specific*, or declaratory relief." *Minsky v. City of Los Angeles*, 11 Cal. 3d 113, 120–24, & n. 14 (Cal. 1974) (en banc) (quotation omitted) (reversing demurrer based on GCA where plaintiff sought return of money that police confiscated during arrest).

Notwithstanding *Minsky* and its progeny, Defendants appear to suggest that because Plaintiff's ability to recover money for his state law claims is time-barred under the GCA, so too is any claim for injunctive relief. *See, e.g.*, Dkt. No. 36 at 12. The Court is not persuaded. Defendants' cases do not stand for this sweeping proposition. Rather, the courts in those cases simply rejected the plaintiffs' attempts to bootstrap time-barred claims for money damages by arguing that such relief was merely "incidental" to their claims for equitable relief. *See, e.g.*, *Williams v. City of Antioch*, No. C 08-02301 SBA, 2010 WL 3632199, at *5 (N.D. Cal. Sept. 2, 2010); *Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487, 1496–97 (Cal. Ct. App. 2007), *as modified on denial of reh'g* (June 8, 2007), *as modified* (June 11, 2007). The Court declines to dismiss Plaintiff's state law claims in their entirety on this

basis.[4]

### ii. California Civil Code § 52.1

The City and Defendants Masterson and Sutter argue in the alternative that Plaintiff has failed to adequately allege the seventh cause of action against them under California Civil Code § 52.1. *See* City Mot. at 18–19. Section 52.1 requires interference with someone's constitutional or statutory rights by "threats, intimidation, or coercion." *See Venegas v. Cty. of Los Angeles*, 32 Cal. 4th 820, 843 (Cal. 2004). Plaintiff states that that search, seizure, and destruction of his property were conducted by "threats, intimidation, and coercion," FAC ¶ 53, yet he fails to provide any factual allegations in support of this conclusion. Moreover, Plaintiff does not explain how Defendants Masterson or Sutter were personally involved in the search, seizure, or subsequent destruction of his property. *See* Section III.B *supra*.

Accordingly, the Court **GRANTS** the motion to dismiss the sixth and seventh causes of action to recover monetary and damages relief as time-barred under the GCA. The Court further **GRANTS** the motion to dismiss the seventh cause of action as insufficiently pled.

## IV. CONCLUSION

For the reasons articulated above, the Court **GRANTS** the motions to dismiss with leave to amend as to:

- The first and second causes of action against the City and Defendants Masterson and Sutter;
- The third cause of action against all Defendants to the extent it is premised on the Fourteenth Amendment;
- The fifth cause of action against the City and Defendants Masterson and Sutter;
- The sixth and seventh causes of action against all Defendants to the extent Plaintiff seeks monetary and damages relief; and

---

[4] Defendants Tatum and Huffaker attempt to sidestep this issue entirely, arguing in a single sentence that these claims should still be dismissed because Plaintiff has an adequate remedy at law such that injunctive relief is improper. *See* Dkt. No. 37 at 10–11 (citing *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1352 (Cal. 2003)). Defendants offer no detail in support of this argument, and the Court cannot say at this early stage that injunctive relief is improper.

- The seventh cause of action against all Defendants.

The Court finds that Plaintiff cannot cure the legal deficiencies in the following causes of action merely by alleging additional facts, such that amendment would be futile. *See Lopez*, 203 F.3d at 1122. Accordingly, the Court **GRANTS** the motions to dismiss with prejudice as to:

- All causes of action against Rohnert Park Department of Public Safety;
- The third cause of action against all Defendants to the extent it is premised on the Fifth Amendment; and
- The fourth cause of action against all Defendants.

The Court otherwise **DENIES** the motions.

The Court **SETS** a further Case Management Conference ("CMC") for September 10, 2019, at 2:00 p.m. The parties should be prepared to discuss next steps in this case, the proposed timing of any amended complaint, and the parties' proposed timing of a settlement conference.

**IT IS SO ORDERED.**

Dated: 8/29/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge